# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAYMOND BLACHER (#435148)**                                    **CIVIL ACTION**

**VERSUS**

**24-1025-JWD-RLB**

**SID GAUTREAUX, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 16, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND BLACHER (#435148)                                CIVIL ACTION

VERSUS
                                                         24-1025-JWD-RLB
SID GAUTREAUX, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person formerly confined at East Baton Rouge Parish Prison, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Sid Gautreaux and East Baton Rouge Parish Prison, complaining that his constitutional rights were violated due to unconstitutional conditions of confinement and deliberate indifference to his serious medical needs. He seeks monetary and injunctive relief.

On May 12, 2025, the plaintiff was ordered to amend his Complaint.[1] A review of the record reveals that the plaintiff has not filed an amended Complaint.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*,

---

[1] The Order to Amend (R. Doc. 7) detailed the relevant law and ordered the plaintiff to amend his Complaint by adding additional defendants, if necessary, and factual allegations indicating how each defendant was personally involved, for each claim for which he sought relief.

490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Plaintiff's Allegations**

In his Complaint Plaintiff alleges the following: At the East Baton Rouge Parish Prison, the plaintiff was denied the guarantees of the Eighth and Fourteenth Amendments due to understaffed food preparation personnel, medical personnel, and security. A PREA incident was not reported to the Secretary. The plaintiff's living conditions were hazardous, unhealthy, unsafe and unsanitary due to mold, rodents, rust, and raw sewage.

**Juridical Person**

First, with regards to defendant East Baton Rouge Parish Prison, section 1983 only imposes liability on a "person" who violates another's constitutional rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a person or entity can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

Defendant East Baton Rouge Parish Prison is not a "person" within the meaning of the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (a state is not a "person" within the meaning of § 1983); *See also Delta Fuel Co., Inc. v. Maxwell,* 485 F. App'x. 685 (5th Cir. 2012) (affirming dismissal of claim against Concordia Parish Sheriff's Department because it is not a legal entity capable of being sued); *Castillo v. Blanco*, 2007 WL 2264285 (E.D. La., Aug. 1, 2007) (holding that Elayn Hunt Correctional Center and Dixon Correctional Institute are not persons within the meaning of § 1983); and *Glenn v. Louisiana*, 2009 WL 382680 (E.D. La., Feb. 11, 2009) ("[a] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983."). As such, the plaintiff cannot state a plausible claim against this defendant.

**Personal Involvement**

As the defendant Gautreaux, in his individual capacity, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be

redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

As to defendant Gautreaux, in his official capacity, a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether the plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn. 10 (5th Cir. 2000)).

"Section 1983 offers no *respondeat superior* liability." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "Municipalities face § 1983 liability 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy, inflicts the injury...." *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). That is, "[a] municipality is liable only for acts directly attributable to it 'through some official action or imprimatur.' " *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009).

In the instant matter, the plaintiff has not alleged personal involvement on the part of defendant Gautreaux in his individual or official capacity. Although *pro se* complaints and arguments must be liberally construed, *see Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir.1994), a plaintiff in a 42 U.S.C. § 1983 action must plead specific facts, not "conclusory allegations." *See Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir.1995) (en banc); *Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir.1995); *Arnaud v. Odom,* 870 F.2d 304, 307 (5th Cir.1989). Here, as the plaintiff was previously advised, the plaintiff's assertions are entirely vague and conclusory. Plaintiff has not made any factual allegations with regards to the "who, when, where, and how" for any claim for which he seeks relief. The plaintiff was ordered to amend his Complaint to remedy the foregoing, but he failed to do so. As such, the plaintiff has failed to state a claim against defendant Gautreaux.

## RECOMMENDATION

It is recommended that Plaintiff's claims against all defendants, be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on July 16, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."